COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


§

TEENYA M. DIXON, AND ALL
OTHER OCCUPANTS OF                              §
1409 SHADOW BROOK TRAIL                                      No. 08-13-00317-CV
GARLAND, TEXAS 75043,                           §

                                                                    Appeal from
                    Appellant,          §

                                                        County Court at Law No. 3 Court
v.                                      §

                                                           of Dallas County, Texas
THE BANK OF NEW YORK MELLON             §
F/K/A THE BANK OF NEW YORK                                      (TC # CC-12-00494-C)
AS TRUSTEE FOR THE CERTIFICATE          §
HOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2004-J5,         §
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2004-J5,           §

                    Appellee.           §

## **O P I N I O N**

In this appeal, we are asked to review a County Court's judgment giving a bank

possession of a house that was sold to it at foreclosure, and thereby dispossessing the current

occupant. The appeal was transferred to this court from our sister court in Dallas.[1] The Dallas

---

[1] This appeal was transferred pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedents of the Dallas Court of Appeals to the extent they might conflict with our own. *See* TEX.R.APP.P. 41.3.

Court of Appeals has squarely rejected the same arguments urged to us here, and we accordingly affirm the judgment.

## FACTUAL SUMMARY

On April 7, 2004, Appellant Teenya Dixon borrowed $305,200 from the First National Bank of Arizona to purchase residential property located at 1409 Shadow Brook Trail in Garland, Texas. A Deed of Trust secured the property. The deed names MERS (Mortgage Electronic Registration Systems, Inc.) as a beneficiary of the deed. In the event of default, the deed provides:

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

On December 6, 2011, the property was sold at a foreclosure sale for $462,799.93. The Substitute Trustee's Deed shows Appellee, Bank of New York Mellon, as both the current mortgagee and the grantee buyer of the property. The prior mortgagee is noted as MERS.

Following the foreclosure sale, Dixon was served with a notice to vacate. When she failed to do so, the Bank of New York Mellon filed suit for forcible detainer with a Justice of the Peace Court on January 27, 2012. The petition attached a copy of the Substitute Trustee's Deed. Dixon failed to appear and the Justice of the Peace signed a judgment in favor of the Bank of New York Mellon. Dixon then perfected an appeal to the County Court. The case was set for trial but continued a number of times. Dixon filed a plea to the jurisdiction contending that the County Court lacked jurisdiction to hear the case. The County Court overruled that plea. Following an eventual bench trial, a judgment in favor of the Bank of New York Mellon was signed on August 22, 2013, giving it possession of the residence. This appeal follows.

Dixon presents two issues on appeal, both of which address standing and subject matter jurisdiction. As we understand her argument, Dixon contends that the Justice Court lacked jurisdiction to hear the case in the first instance, and consequently the County Court had no authority to act on the *de novo* appeal from the Justice Court. According to Dixon, the Justice Court lacked jurisdiction because the Bank of New York Mellon did not introduce into evidence a deed of trust. The deed of trust was admitted into evidence in the County Court, but by then, Dixon claims, it was too late.[2]

## STANDING AND JURISDICTION

Dixon frames the question in Issue One as "Whether a Court must make a determination of standing and subject-matter jurisdiction prior to proceeding to determine the merits of a case." As an abstract proposition of law, the statement is hardly controversial or remarkable. Dixon does not point us to any refusal by either court below to make such a determination, and indeed, the County Court expressly overruled her plea to the jurisdiction. We accordingly interpret Issue One to contend that the County Court erred in overruling her plea to the jurisdiction which challenged the Bank of New York Mellon's standing and thus the court's subject matter jurisdiction.

---

[2] We note an issue with the appellate record in this case. The Reporter's Record reflects that six exhibits were introduced and admitted before the County Court: Deed of Trust (Exh. 1); Assignment of Deed of Trust (Exh. 2); Appointment of Substitute Trustee (Exh. 3); Substitute Trustee's Deed (Exh. 4); Notice to Vacate (Exh. 5); Power of Attorney (Exh. 6). But none of these exhibits are included in the Reporter's Record sent to this Court. Copies of some similarly titled documents appear at various places in the Clerk's Record. The Bank of New York attached copies of some of these items to its brief, which we note is the not the appropriate means to supplement a deficient appellate record. *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex.App.--El Paso 2007, pet. dism'd w.o.j.)("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered."); *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex.App.--Dallas 1987, no writ)(same). We have only referenced these documents to the extent we located them in the Clerk's Record, and ultimately, none controls our disposition of the issues on appeal.

Standing is a component of subject-matter jurisdiction and is necessary to maintain a lawsuit. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 309 (Tex. 2008); *In re I.I.G .T.,* 412 S.W.3d 803, 805 (Tex.App.--Dallas 2013, no pet.). Standing requires the plaintiff to have a personal stake in the outcome of the suit, *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001), and the plaintiff's injury must be concrete and particularized, actual or imminent, and not hypothetical. *DaimlerChrysler*, 252 S.W.3d at 304-05; *Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 471 (Tex.App.--Dallas 2008, pet. denied).

A plea to the jurisdiction challenges the court's authority to determine the subject matter of the action. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea may challenge the plaintiff's pleading, the existence of the jurisdictional facts alleged in the pleading, or both. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

When a plea to the jurisdiction challenges the pleadings, we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true to determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the case. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). The burden is on the plaintiff to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Texas Department of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *City of El Paso v. Mazie's, L.P.*, 408 S.W.3d 13, 18 (Tex.App.--El Paso 2012, pet. denied); *Nausler v. Coors Brewing Co.*, 170 S.W.3d 242, 248 (Tex.App.--Dallas 2005, no pet.). Whether a party has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law which is subject to *de novo* review. *Miranda*, 133 S.W.3d at 226; *Mazie's*, 408 S.W.3d at 18.

4

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the appellate court considers relevant evidence on that issue even where those facts may implicate the merits of the cause of action. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009); *Miranda*, 133 S.W.3d at 227. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Miranda*, 133 S.W.3d at 228. Under this standard, when reviewing a plea in which the pleading requirement has been met, we credit as true all evidence favoring the non-movant and draw all reasonable inferences and resolve any doubts in the non-movant's favor. *Id.* The movant must assert the absence of subject-matter jurisdiction and present conclusive proof that the trial court lacks subject-matter jurisdiction. *Id.* If the movant discharges this burden, the non-movant must present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea will be sustained. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact finder. *Id.* at 227-28. The trial court rules on the plea to the jurisdiction as a matter of law if the relevant jurisdictional evidence is undisputed or it fails to raise a fact question on the jurisdictional issue. *Id.* at 228. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law subject to *de novo* review. *Id.* at 226.

Dixon concludes her discussion of Issue One by asserting that Bank of New York Mellon "has alleged no facts which if taken as true, establish the Court's jurisdiction." But her discussion of the record ends there as she fails to inform us of what is absent from the pleaded allegations. The Bank of New York Mellon's petition before the Justice Court alleged:

- Dixon was in possession of the subject property;

5

- Bank of New York is the owner of the property by virtue of buying the property at a foreclosure sale, and as evidenced by a trustee's deed;

- Under the Deed of Trust and TEX. PROP. CODE ANN. § 24.002 (West 2014), Dixon was required to surrender possession of the property;

- Written demand was given to Dixon to vacate the premises;

- Dixon has not vacated the property.

The pleading, which we take as true for the purposes of the jurisdictional challenge, validly asserts facts sufficient to allow the Justice Court to decide possession.

The issue in a forcible detainer case is the right to actual possession; "[t]he court must adjudicate the right to actual possession and not title." TEX.R.CIV.P. 510.3(e). To prove its case, the Bank needed to show (1) a trustee's deed (or substitute trustee's deed) from the foreclosure sale demonstrating the Bank purchased the property at the foreclosure sale, (2) that Dixon would become tenant at sufferance following the foreclosure sale if they did not vacate, and (3) notice to vacate informing Dixon of her tenant at sufferance position and the need to vacate the property. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex.App.--Dallas 2010, pet. dism'd w.o.j.); *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex.App.--Dallas 2010, no pet.); *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex.App.--Dallas 2008, pet. dism'd w.o.j.); *Mitchell v. Citifinancial Mortg. Co.*, 192 S.W.3d 882, 883 (Tex.App.--Dallas 2006, no pet.). Each of these elements was asserted by the Bank of New York Mellon's allegations in the petition and thus conferred jurisdiction on the Justice Court to hear the case. *See Sharp v. Woodridge Properties Co.*, No 05-13-00869-CV, 2015 WL 370026, at *2 (Tex.App.--Dallas Jan. 29, 2015, no pet.)(mem. op.)(overruling identical contention based on similarly worded petition). We overrule Issue One.

6

In Issue Two, Dixon contends that "[t]here is no evidence that any Deed of Trust was provided at the JP Court level such that the Court could obtain jurisdiction." Elsewhere in her briefing, she suggests the lack of the Deed of Trust meant there was no proof that Dixon was a tenant at sufferance. She also contends the absence of the deed means there was no proof as to what rights the Bank of New York Mellon acquired at foreclosure. We construe this as a challenge to the existence of jurisdictional facts supporting the underlying allegations. As such, Dixon's burden is akin to the movant for summary judgment. *Miranda*, 133 S.W.3d at 228. She cannot meet that burden on this record. At the outset, Justice Courts are not courts of record such that we would know what documents were or were not before the court. At most, Dixon can claim the Deed of Trust was not filed with the pleadings, but that is not the only avenue that the deed might come before the judge.

Moreover, we note this exact issue was raised and rejected by the Dallas Court of Appeals in *Federal National Mortgage Ass'n v. Ephriam,* No. 05-13-00984-CV, 2014 WL 2628036, *2 (Tex.App.--Dallas June 12, 2014, no pet.)(mem.op.). The appellant there claimed the substitute trustee's deed was not attached to the petition or made a part of a business records affidavit. The Dallas Court of Appeals correctly noted that the bank had no burden to put on jurisdictional evidence until the appellant first presented evidence negating the alleged jurisdictional fact. *Id*. at * 2, *citing Mission Consolidated Indep. Sch. Dist. v. Garcia,* 372 S.W.3d 629, 637 (Tex. 2012). Nothing in this record supports that Dixon raised a jurisdictional challenge with that quantum of evidence at the Justice Court. Instead, the record is just the opposite as it appears she did not appear at all before that court. Because Dixon did not properly assert a jurisdictional challenge at the Justice Court, any obligation for the Bank of New York Mellon to put on jurisdictional evidence was never triggered--its pleading was enough.

Accordingly, we overrule Issue Two and affirm the Judgment of the court below.


November 5, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.