**Opinion issued November 20, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00602-CV

———————————

**ARTHUR HOOKS, Appellant**

**V.**

**BRENHAM HOUSING AUTHORITY, Appellee**

---

**On Appeal from the County Court at Law**
**Washington County, Texas**
**Trial Court Case No. 2017-062**

---

## MEMORANDUM OPINION

Appellant, Arthur Hooks, appearing pro se, challenges the trial court's

judgment in favor of appellee, Brenham Housing Authority ("BHA"), in its

forcible-detainer action against him.[1]  In two issues, Hooks contends that the trial court erred in rendering judgment against him.[2]

We affirm.

## Background

In the Washington County Justice Court, BHA filed its original petition for eviction and forcible detainer and suit for rent (the "eviction petition"), alleging that from January 1, 2017 to the "present," Hooks had failed to pay rent totaling $150.00.[3]  The justice court entered an "[e]viction [j]udgment" in favor of BHA, ordering Hooks to pay $139.00 in "back rent" and $126.00 in court costs.  Hooks appealed to the Washington County Court at Law for a trial de novo.[4]

At trial, the county court admitted into evidence BHA's Exhibit 1, the Dwelling Lease Agreement (the "Lease"), between Hooks and BHA, dated June 6, 2016.  The Lease permitted Hooks to occupy 708A Eleanor in Brenham, Texas (the "property") for a term of one year, automatically renewing annually.  And it required

---

[1]  *See* TEX. PROP. CODE ANN. § 24.002 (Vernon 2014).

[2]  Hooks phrases his "issues" in the form of questions, asking:  (1) "Did the plaintiff Arthur D. Hooks pay his rent?" and (2) "Did the plaintiff Arthur D. Hooks receive a fair trial?"

[3]  *See id.* § 24.004 (Vernon 2014) (justice court in precinct in which real property located has jurisdiction in eviction suits, which include forcible-detainer suits).

[4]  *See* TEX. R. CIV. P. 510.10.

him to pay rent in the amount of $50.00 on the first day of each month, except for the month of June 2016, when his rent was prorated to $18.00.

The Lease provided that it could be terminated for, among other reasons, Hooks's "failure to pay rent or other payments when due." And it gave BHA the right, "[i]f [Hooks] violate[d] any term or obligation" of the Lease, to "[e]vict [him] and all members of [his] household." It further provided that it, "together with any future adjustment of rent or dwelling unit," constituted "the entire agreement between" BHA and Hooks.

Cecilia Wagner, BHA's property manager, testified that she filed BHA's eviction petition against Hooks because he did not pay his monthly rent as required by the Lease in January, February, and March 2017.[5] And the county court admitted into evidence BHA's Exhibit 2, a "Tenant Historical Ledger Report"[6] (the "Ledger"), which Wagner described as a document that recorded "the history of [Hook's] payments . . . and anything that has to do with monies being paid to the account as a whole." She further explained that she had sent to Hooks BHA's

---

[5]  Wagner explained that Hooks did not make his $50.00 rent payment in January and February 2017 and did not make his "prorated rent" payment of $39.00 in March 2017.

[6]  Although this exhibit does not appear in the reporter's record, it is in the clerk's record. *See Dixon v. Bank of N.Y. Mellon*, 507 S.W.3d 783, 785 n.2 (Tex. App.—El Paso 2015, no pet.) (referencing exhibits not included in reporter's record to extent located in clerk's record).

3

Exhibit 3, a "Notice to Vacate/Lease Termination"[7] (the "Notice Letter"), which the court admitted into evidence. In the Notice Letter, dated February 15, 2017, BHA informed Hooks that he was delinquent in paying his rent in the amount of $168.56, demanded possession of the unit, and stated its intent to terminate the Lease if payment was not made by February 28, 2017. Wagner also noted that when she "first filed [BHA's eviction petition] with the JP Court in March [of 2017]," Hooks was "delinquent in the amount of $384.02." And she explained that BHA was seeking "delinquent rentals in the amount of $683.47, plus any other rents that [would] accrue through the date of the judgment along with any court costs that ha[d] accrued in [the] Justice Court and th[e] [County] Court and [BHA's] attorney's fees."

On cross-examination, Hooks asked Wagner how she had arrived at the disparate figures of $168.56 in the Notice Letter, $265.00 for the justice court judgment against him, and $384.02, the amount that she had testified that he had owed at the time that she had filed the eviction petition. Wagner responded that the $265.00 figure represented $139.00 in rent for "the months [that Hooks was] delinquent," including $50.00 for January 2017, $50.00 for February 2017, and $39.00 in "prorated rent" for March 2017, "plus court costs of $126.[00]."

---

[7]     This exhibit, also not included in the reporter's record, appears in the clerk's record. *See id.*

Hooks then asked Wagner about the Ledger entries for January, February and March 2017, upon which, according to Wagner, BHA based its suit. Wagner stated that, as reflected in the Ledger, Hooks made a payment on February 7, 2017. And he made a payment in March 2017. However, because she did not receive the payment until after she had filed the eviction petition, Wagner did not post it on the Ledger. And she noted that she did not receive any payment from Hooks in April 2017.

Hooks testified that he "truly believe[d] that [Wagner was] being motivated and enticed to do this by several sources" because he could not understand "why they [were] doing [this]" when "[his] rent was not only paid" but had been "paid in advance for several months." He explained that "two large payments [had been] paid on [his] behalf in advance for [his] rent. [And] [n]ot only did Ms. Wagner . . . improperly post the rent, she didn't follow [the Housing and Urban Development] Housing standards and guidelines regarding the matter."

On cross-examination, BHA's counsel asked Hooks whether in June of 2016, he had "a remaining balance that was still due and owing of $159.60," and Hooks responded that that was "incorrect." And he testified that he had made both his March and April 2017 rent payments. Hooks noted that he had made his April 2017

5

rent payment to the justice court and "[t]hey [had] stated to [him to] not pay any money to [BHA], [and to] pay [his] monthly rent to th[at] [c]ourt."[8]

After hearing the evidence, the county court rendered judgment in favor of BHA, ordering Hooks to surrender possession of the property and pay BHA $683.47 in damages, $126.00 in court costs, and $1000.00 in attorney's fees.

## Inadequate Briefing

In the "Argument" section of his brief, Hooks complains that "the trial court (1) made fact findings that were arbitrary and unreasonable; and (2) misapplied the applicable legal principles. [And] [t]he trial court therefore abused its power in issuing [a] ruling against [him]."

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Yoonessi v. D'Arcy*, No. 05-07-00689-CV, 2008 WL 4981631, at *1 (Tex. App.—Dallas Nov. 25, 2008, pet. denied) (mem. op.) (pro se appellant bears burden of discussing his assertions of error). A failure to provide substantive analysis of an

---

[8] We note that the clerk's record contains an April 17, 2017 letter from the Washington County clerk's office, stating that Hooks "filed . . . 1 months rent. A $50.00 money order . . . included with [his] appeal."

6

issue or cite appropriate authority waives a complaint on appeal. *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Washington. v. Bank of N.Y.*, 362 S.W.3d 853, 854–55 (Tex. App.—Dallas 2012, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *Cervantes-Peterson v. Tex. Dep't of Family & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994).

The "Argument" section of Hooks's brief consists of approximately one and a half pages, most of which is devoted to discussing the "abuse of power" standard of review.[9] And his assertions, as we understand them, do not correspond to the two questions that he has designated as his "issues" on appeal. *See Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) ("Our appellate rules have specific requirements for briefing. These rules require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record. . . . The brief fails if we must speculate or

---

[9] We note that Hooks's brief lacks a table of contents and an index of authorities. *See* TEX. R. APP. P. 38.1(b), (c); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (pro se litigants held to same standards as licensed attorneys).

guess about the appellant's contentions." (internal citations omitted)); *Hornbuckle v. State Farm Ins.*, No. 02-15-00387-CV, 2016 WL 5957020, at *2–3 (Tex. App.—Fort Worth Oct. 13, 2016, no pet.) (mem. op.) (holding complaints waived due to inadequate briefing where arguments did not correspond to issues asserted); *M.D. Mark, Inc. v. PIHI P'ship*, No. 01-98-00724-CV, 2001 WL 619604, at *12 (Tex. App.—Houston [1st Dist.] June 7, 2001, no pet.) (not designated for publication) (complaints not properly before appellate court where brief did not contain argument and authority section corresponding "to the three points of error listed").

Further, Hooks does not explain, analyze, or support his assertions that the trial court "[d]isregard[ed] evidence that could have prove[n] his rent was paid" and failed to consider "all available evidence when making its decision."[10] And Hooks's assertions that he "did not receive a fair trial" or "due process with options of court attorney, proper court reporting or jury," he "did not have a chance" to examine all of the witnesses, and the court reporter "did not list all [of the] witnesses in the court

---

[10] To the extent that Hooks's assertions can be construed as a challenge to the sufficiency of the evidence, he does not provide the Court with a clear and concise argument, substantive analysis, or appropriate citations to authorities and the record to support a sufficiency argument. *See* TEX. R. APP. P. 38.1(i); *Coble v. Adams*, No. 01-13-00562-CV, 2014 WL 6602480, at *3 (Tex. App.—Houston [1st Dist.] Nov. 20, 2014, no pet.) (mem. op.) ("[C]onclusory statements, which simply state that there is no evidence to support the judgment, are not enough."); *In re D.J.W.*, 394 S.W.3d 210, 223 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (failure to provide legal argument in brief to support challenge to sufficiency of evidence waived complaint).

8

report making it incorrect" do not include citations to appropriate authority or the record or any accompanying analysis.[11] *See* TEX. R. APP. P. 38.1(i); *Coble v. Adams*, No. 01-13-00562-CV, 2014 WL 6602480, at *3 (Tex. App.—Houston [1st Dist.] Nov. 20, 2014, no pet.) (mem. op.) (issue waived where appellant offered no "legal analysis or citations to appropriate authorities and the record to support his due process argument"); *Huey*, 200 S.W.3d at 854 ("We have no duty to brief appellant's issue for [him]. Failure to cite to applicable authority or provide substantive analysis waives an issue on appeal."); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (pro se litigants held to same standards as licensed attorneys and required to comply with applicable laws and rules of procedure); *Hopes-Fontenot v. Farmers New World Life Ins. Co.*, No. 01-12-00286-CV, 2013 WL 4399218, at *1 (Tex. App.—Houston [1st Dist.] Aug. 15, 2013, no pet.) (mem. op.) (pro se litigant must properly present his case on appeal; we "may not make allowances or apply different standards for litigants appearing without . . . counsel").

Accordingly, we hold that Hooks has waived his two issues on appeal.

---

[11] The only citation to legal authority in Hooks's brief appears under the heading "Standard of Review," and it is a citation to the standard of review for a mandamus proceeding.

9

**Conclusion**

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Massengale.