

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00071-CV

———————————————

GENEVIEVE KING AND JOHN KING, Appellants

V.

U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR
REGISTERED HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST,
MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18,
Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2019-01649-JP

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Genevieve and John King appeal from a forcible-detainer summary judgment awarding possession of a residence in Frisco, Texas (the property) to U.S. Bank, National Association, as Trustee, in Trust for Registered Holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF18 (U.S. Bank). We affirm.

## Background

On March 5, 2019, U.S. Bank purchased the property at a foreclosure sale. On March 12, 2019, U.S. Bank sent, via certified mail and regular mail,[1] notice to each of the Kings at both the property address and a different address, notifying them that it had bought the property at the foreclosure sale and giving them the following notice: "**[N]o later than three (3) days** from the date of this notice you must vacate and surrender possession of the Premises to" U.S. Bank, "unless you believe that you are a 'bona fide' tenant entitled to the protection of the" Protecting Tenants at Foreclosure Act of 2009. *See* Tex. Prop. Code Ann. § 24.005(b), (f).

U.S. Bank sued the Kings in justice court on April 18, 2019, to recover possession of the property. *See id.* § 24.004(a). The justice court rendered judgment for U.S. Bank, and the Kings appealed to the county court at law, which heard the suit de novo. *See* Tex. R. Civ. P. 510.10(c); *Stedfast Baptist Church v. Fellowship of the Sword, Inc.,*

---

[1]The record contains copies of the mailing envelopes with each of the Kings' names and two different mailing addresses for each letter sent.

No. 02-21-00436-CV, 2022 WL 11485472, at \*7 (Tex. App.—Fort Worth Oct. 20, 2022, no pet.) (mem. op.). U.S. Bank filed a motion for summary judgment, which the trial court eventually granted after a long abatement while a related federal suit was resolved.[2] The final judgment awards U.S. Bank possession of the property.

After the Kings filed their notice of appeal, they filed a motion to set a supersedeas bond amount. After a hearing, the trial judge set the bond amount at $1,714.13 per month.

**Standard of Review**

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant that conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

---

[2]John had filed a trespass-to-try-title suit against U.S. Bank while the de novo appeal was pending; that petition was removed to federal court and dismissed. U.S. Bank also sought and was granted summary judgment dismissing John's attempted title claim in this suit, but the Kings do not complain about that dismissal on appeal.

## Summary-Judgment Affidavit

In their fourth issue, the Kings contend that the trial court erred by not sustaining their objection to, and then considering, the affidavit attached to U.S. Bank's motion as summary-judgment evidence. According to the Kings, it does not show sufficient personal knowledge by the affiant: "[The affiant] does not claim to be the records custodian or that he knows what he knows because of his job duties, but he gives his job title and implies that he knows something about this case . . . ." The Kings also argue that the affiant's statement that the attached notices to vacate were actually mailed is hearsay because there is no record of the actual mailing of the notices, just the notices themselves.[3]

To preserve an appellate complaint regarding a formal defect in a summary-judgment affidavit, a party must object to that defect and secure a ruling from the trial court. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 163–66 (Tex. 2018); *see also* Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 166a(f); *Gaber v. U.S. Bank Nat'l Ass'n as Tr. for Truman 2016 Title Tr.*, No. 02-19-00243-CV, 2020 WL 5242419, at *3 (Tex. App.—Fort Worth Sept. 3, 2020, pet. denied) (mem. op.). The Kings complain of defects in form. *See Gaber*, 2020 WL 5242419, at *3; *Law Off. of David E. Williams, II, P.C. v. Fort Worth Tex. Mag. Venture, LP*, No. 02-10-00373-CV, 2011 WL 2651865, at *2 (Tex. App.—Fort Worth July 7, 2011, no pet.) (mem. op.). Because the trial court did not

---

[3]To the extent this argument complains about the sufficiency of the evidence to support the judgment, we consider it below.

rule on their objection to U.S. Bank's summary-judgment evidence, their appellate complaint is not preserved. *See Seim*, 551 S.W.3d at 166; *Gaber*, 2020 WL 5242419, at *3. We therefore overrule their fourth issue.

## Forcible-Detainer Proof and Pleading Requisites

In their first through third issues, the Kings contend that the trial court erred by granting summary judgment for the following reasons: (1) U.S. Bank did not sufficiently plead a forcible-detainer action because it failed to expressly allege that the Kings were tenants at sufferance or the date the notice to vacate was actually delivered to the Kings; (2) U.S. Bank's summary-judgment motion is deficient for not adequately setting forth the grounds for relief; and (3) U.S. Bank did not prove by sufficient evidence that it gave them adequate notice to vacate the premises.

### Proof of claim

To establish its forcible-detainer claim, U.S. Bank had to show that "(1) it owned the property, (2) the [Kings] became tenants at sufferance when the property was purchased under the . . . security instrument, (3) [U.S. Bank] gave proper notice to the [Kings] to vacate the premises, and (4) the [Kings] refused to vacate the premises." *Jimenez v. Fed. Nat'l Mortg. Ass'n*, No. 02-15-00229-CV, 2016 WL 3661884, at *2 (Tex. App.—Fort Worth July 7, 2016, no pet.) (mem. op.) (listing elements of forcible-detainer claim). This court has held that proof of the sending of the notice is sufficient:

5

At trial, FNMA introduced into evidence certified copies of the home equity security instrument, the substitute trustee's deed conveying the property to Metlife following foreclosure, and the special warranty deed from Metlife conveying the property to FNMA. FNMA also introduced into evidence a copy of the notice to vacate letter sent by FNMA to the Jimenezes. The substitute trustee's deed reflected that Metlife purchased the property after the Jimenezes defaulted under the terms of the home equity security instrument. The special warranty deed reflected that Metlife then conveyed the property to FNMA. Section 22 of the home equity security instrument established that the Jimenezes became tenants at sufferance when they failed to surrender possession of the property after it was sold at the foreclosure sale. . . . Finally, the notices sent by FNMA informed the Jimenezes that they were required to vacate the property. This evidence was sufficient to establish FNMA's forcible detainer suit.

*Id.* at *3; *see also Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 31 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (holding that proof of delivery of notices to vacate was sufficient to support summary judgment—even in face of tenant's affidavit testimony that he had not actually received notices—because Property Code "Section 24.005 requires that, when notice to vacate is given by mail, notice be given 'to the premises in question.' It does not require receipt by any particular person." (citation omitted)).

Here, U.S. Bank attached as summary-judgment evidence (1) the deed of trust showing that the Kings became tenants at sufferance upon a foreclosure sale, (2) the notice of foreclosure sale, (3) the foreclosure sale deed to U.S. Bank, and (4) the notices to vacate addressed separately and sent to both of the Kings. This proof was sufficient to support the judgment awarding U.S. Bank possession of the property. *See Gaber*, 2020 WL 5242419, at *4 n.9. We overrule the Kings' first issue.

6

**Pleading sufficiency**

Rule of Civil Procedure 510.3(a) provides that "a petition in an eviction case must be sworn to by the plaintiff and must contain" the following:

- "(1) a description, including the address, if any, of the premises that the plaintiff seeks possession of";

- "(2) a description of the facts and the grounds for eviction";

- "(3) a description of when and how notice to vacate was delivered";

- "(4) the total amount of rent due and unpaid at the time of filing, if any"; and

- "(5) a statement that attorney fees are being sought, if applicable."

Tex. R. Civ. P. 510.3(a). Such a petition must also explain "the basis for the plaintiff's claim against the defendant." Tex. R. Civ. P. 502.2(a)(7).

In the justice court, U.S. Bank alleged that it owned the property "pursuant to a Trustee's Deed or Substitute Trustee's Deed, recorded in the Real Property Records of Denton County"; that it was the mortgagee under Section 51.0001(4) of the Texas Property Code; that the Kings had "been in wrongful possession of the property since the date of a foreclosure sale"; that it had given the Kings notice to vacate the premises "on 04/09/2019 [by] written demand by certified mail/return receipt requested and First Class Mail," according to Sections 24.005 and 24.006 of the Texas Property Code; and that the Kings had committed a forcible detainer under Property

7

Code Section 24.002.[4] Tex. Prop. Code Ann. § 24.002(a)(2) ("A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant at will or by sufferance . . . ."). Under Texas's fair notice standard of pleading, these allegations are sufficient to allege the basis for the facts and grounds for eviction and a description of how and when the notice was delivered. *See* Tex. R. Civ. P. 502.2(a)(7), 510.3; *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007) ("Texas follows a 'fair notice' standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy."); *Jimenez*, 2016 WL 3661884, at *2 (listing elements of forcible-detainer claim); *cf. Dixon v. Bank of N.Y. Mellon*, 507 S.W.3d 783, 788 (Tex. App.—El Paso 2015, no pet.) (concluding that petition with similar allegations sufficiently pleaded forcible-detainer claim for purposes of conferring jurisdiction on trial court).

The Kings argue that the third requirement in Rule 510.3(a) imposes a duty on the pleader to allege the actual delivery date of the notice to vacate. But they provide

---

[4]U.S. Bank also attached to its petition an affidavit in which its attorney averred that "[o]n 04/09/2019[,] the attached notices to vacate were mailed to the respective addresses," and attached those notices (addressed to each of the Kings), as well as the notice of foreclosure and foreclosure deed to U.S. Bank. *See* Tex. R. Civ. P. 59 (providing that "mortgages, records, and all other written instruments" that constitute "the claim sued on . . . [(1)] may be made a part of the pleadings" by attaching copies, (2) function "in aid and explanation of the allegations in the petition[,] . . . and [(3)] shall be deemed a part thereof for all purposes").

no authority for this proposition and we have found none. We therefore overrule their second issue.

### Sufficiency of summary-judgment motion

A summary-judgment motion must state specific grounds, Tex. R. Civ. P. 166a(c), and must stand or fall on those grounds, *McConnell v. Southside ISD*, 858 S.W.2d 337, 341 (Tex. 1993). Grounds stated in a motion are sufficiently specific if they give the nonmovant fair notice. *Walker v. Campuzano Enters., Ltd.*, No. 02-10-00061-CV, 2011 WL 945167, at *2 (Tex. App.—Fort Worth Mar. 17, 2011, no pet.) (mem. op.).

U.S. Bank alleged in its motion that it was entitled to summary judgment on its forcible-detainer claim as a matter of law. It explained how its evidence proved the elements of a forcible-detainer claim: it purchased the property at a foreclosure sale; the Kings are tenants at sufferance because their right of possession ceased upon completion of that sale; U.S. Bank sent them notice to vacate—via certified and regular mail, to both John and Genevieve, at two different addresses, including their last address on file and the property address; thereafter, the Kings refused to surrender possession of the property. Thus, the motion was sufficiently specific. *See* Tex. R. Civ. P. 166a(c); *Walker*, 2011 WL 945167, at *2. Because the Kings provide no authority to the contrary, we overrule their third issue.

9

**Bond Amount**

The Kings argue in their fifth issue that the trial court erred by setting the monthly supersedeas bond amount because U.S. Bank did not present evidence of the property's monthly rental value and did not provide any other "legal authority" for a bond.

At the post-trial hearing, the trial court asked the Kings whether they wished to put on evidence of a sufficient bond amount; John responded, "[T]he way I see . . . the law working, . . . the Court sets a bond and then we move to lower it." John argued that because of his financial circumstances, he could pay "something less than" $1,600 per month. U.S. Bank responded that from 2019 to 2021, while the case had been abated pending the subsequently dismissed trespass-to-try title claim, the court had ordered the Kings to pay $1,714.13 per month; U.S. Bank asked the trial judge to set the same monthly bond amount.[5] John disagreed, stating that the trial court had set the 2019 bond amount at $1,600,[6] but that they "could live with that" amount even though it "would be a struggle."

---

[5]This amount was $160.76 less than the Kings' 2019 monthly mortgage payment of $1,874.89, as calculated by U.S. Bank.

[6]In the 2019 order, the printed language setting the bond amount at $1,714.13 per month is scratched out, replaced by the handwritten amount of $1,600. Next to the handwritten amounts are the initials of U.S. Bank's attorney. The Kings actually paid $1,600 per month, as recited in U.S. Bank's motion to release the funds.

The trial judge ruled, "Because the plaintiff has acquiesced to this, I will happily set the bond at 1714.13 per month, due on the first . . . business day of every month by 5:00 p.m." John then asked whether the Kings "could . . . do the 1600,"[7] and the trial judge answered, "I've already made my ruling . . . ."

The Kings never filed a Rule 24 motion in this court challenging "the sufficiency or excessiveness of the amount of security." Tex. R. App. P. 24.4(a)(1). Thus, they did not preserve this complaint for appeal. *See Est. of Pharris*, No. 10-17-00260-CV, 2019 WL 3047118, at *10 (Tex. App.—Waco July 3, 2019, pet. denied) (mem. op.). To the extent they now challenge the monthly bond amount initially set in 2019[8]—which they paid for twenty-five months and all of which payments the trial court has released to U.S. Bank, without objection by the Kings—they have not shown harm.[9] *See* Tex. R. App. 44.1; *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex. App.—Fort Worth 2002, mand. denied) ("The trial court . . . is afforded broad discretion in determining the amount and type of security . . . ."); *cf.* Tex. Prop. Code Ann. § 24.007 (providing that in setting amount of supersedeas bond during

---

[7]The trial court's order was rendered on March 10, 2022. Through July 2023, the $114.13 monthly difference totals $1,940.21.

[8]The Kings filed a petition for writ of mandamus when the trial court issued the original bond order, but we denied relief. *In re King*, No. 02-19-00314-CV, 2019 WL 4064574, at *1 (Tex. App.—Fort Worth Aug. 28, 2019, orig. proceeding) (per curiam) (mem. op.).

[9]In 2019, John told the trial court, presumably referring to U.S. Bank's attorney, "*He's entitled to rent*, but he hasn't put on any evidence of rent, of fair market value of rent." [Emphasis added.]

11

*appeal* from county-court eviction judgment, county court is to take "into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and *other damages or amounts as the court may deem appropriate.*" (emphasis added)).

We overrule the Kings' fifth issue.

## Conclusion

Having overruled the Kings' five issues, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 20, 2023