

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

## No. 02-23-00224-CV

———————————————

JOHN ANTHONY CASTRO, Appellant

V.

AMERICAN EXPRESS NATIONAL BANK, SUCCESSOR BY MERGER TO AMERICAN EXPRESS BANK, FSB, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2022-005583-1

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

John Anthony Castro appeals from a summary judgment awarding American Express National Bank (Amex) $53,923.74 in damages, plus costs, in this credit card debt-collection suit. In two issues, Castro contends that his verified objections and motion to strike were sufficient to controvert Amex's summary-judgment evidence and that Amex failed to prove that he owned the credit card account at issue. We affirm the trial court's judgment.

## I. Background

Amex, the successor-by-merger to American Express Bank, FSB (Amex Bank), sued Castro to recover an unpaid credit card debt. Amex alleged that it issued a credit card to Castro, and once he received and used it, he became liable for the charges incurred. The current balance Castro owes is $53,923.74. Amex canceled the card when Castro failed to make monthly payments and sued him for breach of contract and account stated. Amex later filed a business-records affidavit with a demand letter, a cardmember agreement, and billing statements attached.

Castro generally denied the allegations and filed a no-evidence motion for summary judgment. Castro attached Amex's previously filed documents to his summary-judgment motion and argued that Amex could not prove that it had standing to sue or that the parties had a valid contract. Castro maintained that the credit card was issued by Amex Bank and that he "never entered into a contract with [Amex]." He

also argued that Amex had failed to produce "a signed contract between the parties" and proof that he made or authorized the charges at issue.

Amex responded and filed a traditional motion for summary judgment that included a different business-records affidavit, the same cardmember agreement and billing statements that were attached to Castro's motion, and records from the United States Office of the Comptroller of Currency (OCC). Amex argued that the OCC documents proved its standing through its merger with Amex Bank. Relying on the cardmember agreement and billing statements, Amex argued that the parties had a valid contract, which Castro had breached by failing to pay for the charges incurred.

Castro responded, arguing that Amex's evidence failed to establish that he had made or authorized the charges and payments appearing in the billing statements. Although he did not contest Amex's evidence reflecting that he owned the account, he later filed a motion to strike and verified objections to Amex's affidavits, asserting that the affidavits contained hearsay and conclusory testimony and failed to prove that he owned the account.

The trial court ruled that Amex had standing to sue, granted Amex's summary-judgment motion, and denied Castro's. The trial court did not rule on Castro's motion to strike or verified objections. This appeal followed.

## II. Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable

3

to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Once the movant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the nonmovant to come forward with competent controverting evidence that raises a fact issue. *Van v. Peña*, 990 S.W.2d 751, 753 (Tex. 1999). Uncontroverted evidence from an interested witness does nothing more than raise a fact issue unless it is clear, positive, and direct; is otherwise credible and free from contradictions and inconsistencies; and could have been readily controverted. *Morrison v. Christie*, 266 S.W.3d 89, 92 (Tex. App.—Fort Worth 2008, no pet.) (citing Tex. R. Civ. P. 166a(c)); *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997).

### III. Analysis

In two issues, Castro contends that he sufficiently controverted Amex's summary-judgment evidence and that Amex failed to prove that he owned the credit card account. Castro's argument occupies less than two pages and cites only three cases. Liberally construing Castro's argument, as we must, *see* Tex. R. App. P. 38.9, we

4

conclude that both issues rely on Castro's contention that his verified objections raised a fact issue regarding the credit card account's ownership.

In his verified objections, Castro asserted that Amex's affidavits were "entirely inadmissible hearsay," conclusory, and "factually unsupported." He did not identify the statements to which he objected but merely "object[ed] to the substance" of the affidavits so that they would be "considered on appeal." Castro also argued that the affidavits proved only "the existence of an account [but] not ownership of the account" and that he was not the account's owner. Castro admits, and the record reflects, that the trial court did not rule on his objections. Citing no authority, he nonetheless insists that a pro se defendant's verified objections are sufficient alone to controvert a summary-judgment movant's hearsay evidence.

Generally, if a party does not obtain a written ruling on an objection to summary-judgment evidence, the objection is not preserved. *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164–65 (Tex. 2018). Specifically, form defects "must be objected to and ruled upon by the trial court for error to be preserved." *Id.* at 166. Castro's hearsay objection is a form objection. *See McFarland v. Citibank (S.D.), N.A.*, 293 S.W.3d 759, 762 (Tex. App.—Waco 2009, no pet.). Because Castro failed to obtain a ruling on the objection, he has failed to preserve it for appeal. *See* Tex. R. App. P. 33.1(a)(2). Regardless, Castro's hearsay objection—merely stating that the affidavits were "entirely inadmissible hearsay"—is too vague to support a reversal. *See* Tex. R. Civ. P. 166a(f)

("Defects in the form of affidavits . . . will not be grounds for reversal unless specifically pointed out by objection . . . .").

Castro's remaining objections go to the substance of the affidavits and can be raised for the first time on appeal. *See Seim*, 551 S.W.3d at 166; *Albright v. Good Samaritan Soc'y–Denton Vill.*, No. 02-16-00090-CV, 2017 WL 1428724, at *2–3 (Tex. App.—Fort Worth Apr. 20, 2017, no pet.) (mem. op.) (holding that an "objection that an affidavit is conclusory asserts a defect of substance and not form" that may be raised for the first time on appeal). But Castro's verified objections stated only that he "objects to the substance of the conclusory [and] factually unsupported . . . affidavits . . . ." He reiterates this objection on appeal but fails to identify any objectionable statement in the affidavits. Thus, neither his verified objections nor his appellate argument is sufficiently specific for us to determine whether any of the affidavits' statements were inadmissible. *See Morales v. Uptown Props., Inc.*, No. 05-05-00295-CV, 2005 WL 3418603, at *3 (Tex. App.—Dallas Dec. 1, 2005, no pet.) (mem. op.) ("Objections that statements are 'conclusory' may not be 'conclusory' themselves." (quoting *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.))); Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

Regardless, Amex's affidavits are not conclusory. "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *See Albright*, 2017 WL 1428724, at *3. "Conclusory statements in an affidavit, whether legal or factual, are

6

not credible or susceptible to being readily controverted, and thus conclusory statements will not support a summary judgment." *See id.*

Both affidavits were made by a records custodian and contain statements authenticating the attached records as business records. *See* Tex. R. Evid. 902(10)(B). This alone is sufficient to show that they are not conclusory. *See Core v. Citibank (S.D.), N.A.,* No. 11-13-00040-CV, 2015 WL 1004344, at *5 (Tex. App.—Eastland Feb. 27, 2015, no pet.) (mem. op.) ("Affidavits that substantially comply with the language of Rule 902(10)(b) are not conclusory in nature.").

The records custodian stated that the additional factual allegations made in the second affidavit were from personal knowledge based on a review of the attached records. The records include a cardmember agreement identifying "John Castro" as the cardmember and reflecting interest rates and payment terms. The agreement also reflects that it included "any supplements or amendments" and that by "us[ing] the Account (or . . . sign[ing] or keep[ing] the card), [Castro] agree[d] to the terms of the Agreement." The records also include multiple billing statements identifying "John Anthony Castro" as the cardmember and reflecting charges, payments, and notices of past-due amounts and account cancellation. All of the records reflect "1002" as the last four digits of the account number. Although these allegations go beyond those required under Rule 902, they are based on the affiant's personal review of the records. *See Albright*, 2017 WL 1428724, at *3. Thus, neither affidavit is conclusory.

7

Castro alternatively argues in his reply brief that his verified objections were "akin to an affidavit" in which he "ma[de] it clear that he is *not the owner* of this account [and] that the evidence submitted [did] not establish ownership . . . ." But pleadings, even if sworn to, do not constitute summary-judgment proof. *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995).

On the record before us, we conclude that Amex produced competent summary-judgement evidence to establish that Castro owned the credit card account at issue, and Castro failed to raise a genuine issue of material fact to preclude summary judgment. We overrule Castro's issues.

## IV. Conclusion

Having overruled Castro's issues, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: December 7, 2023