# IN THE SUPREME COURT OF TEXAS

No. 17-0488

RICHARD SEIM AND LINDA SEIM, PETITIONERS,

v.

ALLSTATE TEXAS LLOYDS AND LISA SCOTT, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS

## PER CURIAM

Richard and Linda Seim purchased a homeowners' insurance policy from Allstate Texas Lloyds. A few months after the policy went into effect, the Seims filed a claim for storm damage, which Allstate denied. Allstate claims it denied the claim based on the results of a property inspection by one of its adjusters, Lisa Scott. Although the inspection revealed water damage, Allstate maintains the Seims' home lacked any damage attributable to wind or hail. And absent wind or hail damage, the policy provides no coverage. The Seims sued Allstate and Scott (collectively Allstate), asserting both contractual and extra-contractual claims.

Allstate moved for summary judgment on both traditional and no-evidence grounds. In its motion, Allstate contended the Seims have no evidence that they suffered a covered loss and that limitations bars their claims. The Seims filed their summary-judgment response seven days before the hearing date, as Rule 166a(c) requires. *See* TEX. R. CIV. P. 166a(c). But though their response referred to certain pieces of summary-judgment evidence, including an affidavit, the Seims failed

to attach any evidence to their response. The only evidence the Seims provided was attached to an amended response they filed on the day of the summary-judgment hearing—without leave of court.

The Seims' late-filed evidence included two expert reports in which Neil Hall, a professional engineer, concluded that the Seims' home suffered damage during a hail storm in August 2013. In the first report, Hall opines:

> Without reviewing all the file material for each individually reported date of loss, it is difficult to determine what part and how much of the roof assembly and radiant barrier were damaged by wind, hail and/or the ensuing penetration of water for each of the reported weather events. However, clearly some of the damage described by Mrs. Seim occurred prior to the August 13, 2013[,] date of loss.

In the second report, Hall states that after preparing the first report, he reviewed additional materials and now concludes that the damage he observed "resulted from the August 13, 2013[,] windstorm." Neither of Hall's reports was verified.

In addition to the reports, the Seims' evidence also included an affidavit by Hall. In it, Hall states that he has prepared two expert reports that he identifies by date and subject matter. He also attests "that all the facts stated in this Affidavit are true and accurate to the best of my knowledge." The affidavit concludes with a jurat and is stamped with the notary's seal, but the notary did not sign it.

Allstate objected in writing to the Seims' summary-judgment evidence on multiple grounds. Among these objections was that Hall's affidavit does not state that the facts and opinions *in the reports* are "true and correct." Instead, it states "that all the facts stated *in this Affidavit* are true and accurate." (Notably, besides stating that the property damage resulted from "a storm on August 13, 2013," the affidavit contains none of Hall's opinions about the cause of the damage—only the reports do.) Allstate also objected to the absence of the notary's signature and that the

reports were not attached to the affidavit. Along with its objections, Allstate provided the trial court with two proposed orders, one granting the motion for summary judgment and the other sustaining the objections to the Seims' evidence. The trial court granted summary judgment for Allstate, but it neither signed the order sustaining Allstate's objections nor otherwise ruled on them. The order granting summary judgment reflected that the trial court considered the motion, briefs, "all responses, [and] all competent summary[-]judgment evidence." It did not, however, specify the grounds for its judgment.

The court of appeals affirmed the trial court's judgment for Allstate. No. 02-16-00050-CV, 2017 WL 1738028, at *6 (Tex. App.—Fort Worth May 4, 2017) (mem. op.). In so doing, it noted that the trial court had considered the Seims' late-filed response and evidence, and it did not overturn that decision. *Id.* at *5. But it held, nevertheless, that the Seims' only summary-judgment evidence was incompetent. *Id.* Hall's reports were not verified or authenticated, the court held, thus rendering them incompetent. *Id.*

Equally unavailing, the court concluded, was Hall's affidavit. *Id.* at *6. Because the reports were not attached to the affidavit and because the affidavit merely referred to the reports by date, the court held that it would have "to guess whether the reports referenced in [the] affidavit are the same as the reports attached to the summary[-]judgment evidence." *Id.* Moreover, the affidavit itself contained no explanation about how the August 2013 storm caused the Seims' property damage. *Id.* But most problematic, the court of appeals noted, was that Hall attested to the truth of only those statements within the affidavit rather than the statements in his reports. *Id.* So, the court held the record contained no sworn evidence that the Seims sustained their property damage during the policy period. *Id.* As the Seims had failed to proffer competent summary-judgment evidence

that the property damage occurred during the insurance policy's term, the court of appeals upheld the summary judgment. *Id.*

After the court of appeals issued its opinion, the Seims moved for reconsideration en banc. *Id.* at *5 n.12. They contended the court of appeals had elevated a defect in form (the lack of verification) to a defect in substance. *Id.* And they further contended that Allstate failed to preserve its objections to the formal defects by neglecting to obtain an express ruling from the trial court. *Id.* The court of appeals denied the Seims' motion for en banc reconsideration but issued a substitute opinion in which it addresses the Seims' motion-for-rehearing arguments. In the corrected opinion, the court notes that summary-judgment evidence, including expert reports, must be verified. *Id.* And it concludes Allstate preserved its objections to the evidence by complaining that it is hearsay, requesting that it be stricken, and challenging it for lacking a notary's signature. *Id.* The Seims filed a petition for review with this Court.

The same evidentiary standards that apply in trials also control the admissibility of evidence in summary-judgment proceedings. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997) (per curiam). But the rules of error preservation also apply. *See Mansions in the Forest, L.P. v. Montgomery Cty.*, 365 S.W.3d 314, 317–18 (Tex. 2012) (per curiam). To preserve a complaint for appellate review, a party must (1) complain to the trial court by way of "a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion." *Id.* at 317; Tex. R. App. P. 33.1(a). And if purported summary-judgment evidence presents a defect in "form," that defect cannot provide "grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Tex. R. Civ. P. 166a(f).

4

Allstate objected to the Seims' summary-judgment proof in satisfaction of Rule 33.1(a) and Rule 166a(f). But unless Allstate complained of a defect in the evidence's substance, rather than its form, it was obligated not only to object but also to obtain a ruling on its objection. *Mansions*, 365 S.W.3d at 317; TEX. R. APP. P. 33.1(a)(2). Courts have held that even if a party objects to an opponent's summary-judgment evidence, the evidence "remains part of the summary[-]judgment proof unless an order sustaining the objection is reduced to writing, signed, and entered of record." *Mitchell v. Baylor Univ. Med. Ctr.*, 109 S.W.3d 838, 842 (Tex. App.—Dallas 2003, no pet.); *see also Dolcefino v. Randolph*, 19 S.W.3d 906, 927 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (assuming that error was not preserved so that statements were part of the summary-judgment evidence on appeal).

As noted above, Rule 33.1(a) requires a timely and ruled-upon objection to preserve error. TEX. R. APP. P. 33.1(a). In 1997, language was added to the rule providing that the trial court may rule on an objection "either expressly or implicitly." *Id.* 33.1(a)(2)(A); *see also Trusty v. Strayhorn*, 87 S.W.3d 756, 760 (Tex. App.—Texarkana 2002, no pet.) (noting the effective date of the amendment). This alteration to the preservation requirements created a divide among the courts of appeals over whether a trial court "implicitly" rules upon an objection to summary-judgment evidence just by ruling on the summary-judgment motion itself.

Shortly after the rule change, the Second Court of Appeals decided *Blum v. Julian*, 977 S.W.2d 819 (Tex. App.—Fort Worth 1998, no pet.), and *Frazier v. Yu*, 987 S.W.2d 607 (Tex. App.—Fort Worth 1999, pet. denied). Departing from years of precedent, the court relied on Rule 33.1's new language, construing it to mean a trial court "implicitly" rules upon objections in summary-judgment proceedings by ruling on the merits of the summary-judgment motion. The

court detailed this analysis in *Blum*, reasoning that the new rule was a substantive revision to the prior elements of error preservation:

> This addition relaxes the former requirement of an express ruling[] and is consistent with case law holding that an appellate court can presume the trial court overruled an objection in certain circumstances. *See Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997) (finding that granting of motion to disregard "automatically" denied motion for judgment on verdict); *Acord v. General Motors Corp.*, 669 S.W.2d 111, 114 (Tex. 1984) (presuming objection to charge was overruled because trial court did not alter objection language); John Hill Cayce, Jr. et al., *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure*, 49 BAYLOR L.[ ]REV. 867, 874 n.[]10 (1997) (discussing new rule 33.1(a)(2)(A)); State Bar of Texas Appellate Section, *Significant Features of the New Texas Rules of Appellate Procedure* p. 10, *in* GUIDE TO THE NEW TEXAS RULES OF APPELLATE PROCEDURE 1997 (stating "[a] signed, separate order is not required, as long as the record otherwise shows that the ruling was made"). Thus, in some instances, a party need no longer get an express ruling on an objection to preserve error if the ruling is implicit in the court's findings.

977 S.W.2d at 823. The Second Court went on to hold that by granting the movant's motion for summary judgment, the trial court "create[d] an inference that it implicitly reviewed and overruled the [evidentiary] objections." *Id.* at 823–24.

Returning to this analysis a year later, the court held that "error is preserved as long as the record indicates in some way that the trial court ruled on the objection either expressly or implicitly." *Frazier*, 987 S.W.2d at 610. Like the language in this case's summary-judgment order, the trial court's order in *Frazier* averred that the court had "reviewed all competent summary[-] judgment evidence." *Id.* (emphasis omitted). By employing such a phrase while granting summary judgment, the court inferred that the trial court had implicitly sustained the movant's objections to the summary-judgment evidence. *Id.*

Other courts, however, have declined to adopt the Second Court's approach. *See Bates v. Pecos Cty.*, 546 S.W.3d 277, 286 (Tex. App.—El Paso 2017, no pet.) ("[S]everal courts have criticized the holding in *Frazier*."). For example, the Fourteenth Court of Appeals has held:

> We believe the better practice is for the trial court to disclose, in writing, its rulings on all objections to summary[-]judgment evidence at or before the time it enters the order granting or denying summary judgment. Practitioners should facilitate this procedure by incorporating all parties' objections to summary[-]judgment evidence in proposed orders granting or denying summary judgment . . . . This practice will direct the trial court's attention to the matter[] and serve as a reminder to the court to disclose its rulings on all objections to summary[-]judgment evidence at the time it issues its ruling on the summary[-]judgment motion. . . . *In any context, however, it is incumbent upon the party asserting objections to obtain a written ruling at, before, or very near the time the trial court rules on the motion for summary judgment or risk waiver.*

*Dolcefino*, 19 S.W.3d at 926 (emphasis added); *see also Parkway Dental Assocs., P.A. v. Ho & Huang Props., L.P.*, 391 S.W.3d 596, 603 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (noting that "this court has declined to follow the rule in [*Frazier*], as have most of the other intermediate court of appeals that have addressed this issue").

The Fourth Court of Appeals agreed with the Fourteenth Court, explaining that until the revision to Rule 33.1 and the *Blum* and *Frazier* opinions, it was "well settled" that trial courts must expressly rule on objections in writing for error to be preserved. *See Well Sols., Inc. v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.). The court noted:

> [R]ulings on a motion for summary judgment and objections to summary[-]judgment evidence are not alternatives; nor are they concomitants. Neither implies a ruling—or any particular ruling—on the other. In short, a trial court's ruling on an objection to summary[-]judgment evidence is not implicit in its ruling on the motion for summary judgment; a ruling on the objection is simply not "capable of being understood" from the ruling on the motion for summary judgment. We therefore reject the reasoning in *Blum* and *Frazier*. We instead align ourselves with the Fourteenth Court of Appeals.

*Id.* at 317 (citing *Dolcefino*, 19 S.W.3d at 926).

7

We hold that the Fourth and the Fourteenth courts have it right. After the revisions to Rule 33.1(a) became effective, we concluded in *In re Z.L.T.* that "an implicit ruling *may* be sufficient to preserve an issue for appellate review." 124 S.W.3d 163, 165 (Tex. 2003) (emphasis added). In that case, we held a ruling was implied because the implication was "clear." *Id.* But nothing in this record serves as a clearly implied ruling by the trial court on Allstate's objections. Indeed, even without the objections, the trial court could have granted summary judgment against the Seims if it found that their evidence did not generate a genuine issue of material fact. Allstate has argued this very point in its briefing to this Court. And if sustaining the objections was not necessary for the trial court to grant summary judgment, how can the summary-judgment ruling be an implication that the objections were sustained?

So, if the trial court did not implicitly rule on Allstate's objections, the court of appeals must have believed Allstate complained about substantive defects. When an affidavit presents purely substantive defects, those defects can be complained of for the first time on appeal and are not subject to the general rules of error preservation. *See Well Sols.*, 32 S.W.3d at 317. In contrast to when an affidavit suffers from a mere defect in form, that flaw must be objected to and ruled upon by the trial court for error to be preserved. *See id.*

This Court faced the distinction between substantive and formal defects in *Mansions in the Forest, L.P. v. Montgomery County* in 2012. *See generally* 365 S.W.3d 314. In that case, the summary-judgment movant waited until the case was on appeal before it objected to the respondent's failure to conclude an affidavit with a jurat—or to otherwise show that it was sworn to. *Id.* at 315. We noted that such a failure meant the instrument was "not an affidavit" at all. *Id.* at 315–16. Yet we maintained that even such an obvious defect is one of form and still subject to

8

the rules of error preservation. *See id.* at 317–18. So, because the movant failed to obtain a ruling from the trial court, it waived the defect and could not complain of it on appeal. *Id.*

In *Mansions*, the purported affidavit failed to satisfy the "basic definition" of an affidavit and was rendered "no affidavit at all." *See id.* at 316, 318 (citations omitted). But such a flaw was still one of form that could not be first complained of on appeal. *See id.* at 317–18. If the affidavit in *Mansions* presented a formal defect, then Hall's does, too. And because Allstate failed to obtain a ruling from the trial court on its objections to the affidavit's form, the court of appeals wrongly disregarded it.

As we noted above, Allstate has argued to this Court that even if its objections were waived, it is still entitled to summary judgment on other grounds. But we will leave those grounds for the court of appeals to consider. Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse and remand this cause to the court of appeals for proceedings consistent with this opinion.

OPINION DELIVERED: June 29, 2018