**AFFIRMED; Opinion Filed January 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01250-CV

**FIVE HUNDRED TWENTY TWO DOLLARS IN UNITED STATE CURRENCY; ONE FIREARM; SCOPE; TWO CELL PHONES; AND SILVER MERCEDES ML 320 VIN #4JGAB54E77A260775, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-16-1161**

## MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Nowell
Opinion by Justice Nowell

This case presents an appeal from a final judgment of forfeiture ordering money and property be forfeited to the State of Texas. Following a bench trial, the court found the money and property that are the subject of this suit[1] (collectively, "Property") were used or intended to be used in the commission of a felony. Mark Zimmerman owned the Property. In three issues, Zimmerman argues the trial court erred by denying his motion for discovery, proceeding with trial before discovery was conducted, and violating his civil rights by ordering his personal bank

---

[1] The final judgment lists the money and property as: "1) five hundred twenty two dollars in United States currency; 2) Smith & Wesson, Body Guard 38. SPL., serial number: CPK0750BG38; 3) Remington Model 710, 7MM serial number: 71281551, Bushnell Scope, Caldwell Bipod; 4) LG cell phone, model# LGMS330, IMEI# 355867-07-330680-8; 5) Samsung cell phone, model# SM-G530Tl, IMEI# 359130/06/648921/4; and (6) Silver, Mercedes, ML320, 4JGAB54E71A260775, TX. GJC-9097."

account be frozen.  In a fourth issue, Zimmerman asserts the Grayson County jail and its officials violated his civil rights by denying his access to the law library.  We affirm the trial court's judgment.

At the beginning of the trial, the judge stated this civil forfeiture proceeding followed a criminal case in which a jury found Zimmerman guilty.[2]  Zimmerman was incarcerated at the time of the civil trial.  The State announced it was ready to proceed with trial.  Zimmerman, acting pro se, stated he wanted to file a motion for continuance, but had been unable to obtain one from the law library.  Additionally, he advised the court he wanted to file a motion for discovery because the State had not provided any.  He stated he previously filed a motion seeking discovery, but did not know whether an order was entered.  Zimmerman primarily sought documents relating to the freezing of his personal checking account; he did not know whether the account was frozen at the time of trial.  The State explained to the trial court that it executed a subpoena for Zimmerman's bank records, but it did not seek money from his checking account in its notice of seizure.

The State was not aware of any discovery requests from Zimmerman, but represented that any discovery would have been the same documents that were produced in Zimmerman's criminal case along with Zimmerman's own bank records.  Regarding its evidence in the civil case, the State told the trial court: "there is nothing that's going to be used that Mr. Zimmerman didn't see in his criminal case."

Following the trial, the court entered a final judgment of forfeiture ordering the Property be forfeited to the State.  This appeal followed.

In his first and second issues, Zimmerman argues the trial court erred by denying his motion for discovery and proceeding with trial.  Although Zimmerman informed the court that he filed a

---

[2] This Court considered the merits of Zimmerman's appeal from his criminal conviction in *Zimmerman v. State*, No. 05-17-00492-CR, 2018 WL 3968419 (Tex. App.—Dallas Aug. 20, 2018, no pet.).  Zimmerman was convicted of four drug-related offenses.

motion seeking discovery, no motion appears in the record. If we were to assume Zimmerman filed such a motion, he did not obtain a ruling on the motion. "To preserve a complaint for appellate review, a party must (1) complain to the trial court by way of 'a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion.'" *Seim v. Allstate Texas Lloyds*, 551 S.W.3d 161, 164 (Tex. 2018) (quoting *Mansions in the Forest, L.P. v. Montgomery Cty.*, 365 S.W.3d 314, 317 (Tex. 2012) (per curiam)); *see also* TEX. R. APP. P. 33.1(a) (preservation of error). Because Zimmerman did not file a motion or obtain a ruling on any request he may have presented to the trial court, we conclude he has not preserved his complaint for appellate review. We overrule Zimmerman's first and second issues.

In his third issue, Zimmerman asserts the trial court violated his civil rights by ordering a freeze on his personal bank account. The record does not include an order freezing Zimmerman's bank account. A civil forfeiture action is an in rem proceeding and the trial court's jurisdiction depends on its control over the property at issue. *See State v. Thirty Thousand Six Hundred Sixty Dollars and no/100*, 136 S.W.3d 392, 405 (Tex. App.—Corpus Christi 2004, pet. denied) (en banc); *see also State v. One Million Seven Hundred Eleven Thousand Sixty-one Dollars and Seventy-nine Cents ($1,711,061.79) in U.S. Currency, Elgin Watch, Rope Necklace, ID Bracelet, Two (2) Costume Jewelry Rings, & Five (5) Silver Bars*, No. 04-18-00379-CV, 2018 WL 6793787, at *2 (Tex. App.—San Antonio Dec. 27, 2018, no pet. h.). When the property is not within the court's control, the trial court does not have jurisdiction over it. *See Thirty Thousand Six Hundred Sixty Dollars and no/100*, 136 S.W.3d at 405. Because the State did not seek forfeiture of Zimmerman's bank account, the account did not fall within the trial court's control and the trial court lacked jurisdiction to take action with respect to it. Further, there is no evidence the trial court acted beyond its jurisdiction to order the account be frozen. We conclude Zimmerman's third issue presents nothing for our review, and we overrule his third issue.

In his fourth issue, Zimmerman argues the Grayson County jail and its officials violated his civil rights by denying him access to the law library. Zimmerman informed the trial court he sought a motion for continuance to obtain documents related to the title of the vehicle subject to this suit. The State did not argue at trial that the vehicle was purchased with illegal proceeds. Rather, it showed the car was used in the course of a felony drug transaction and, therefore, was subject to forfeiture. The trial court concluded any documents related to Zimmerman's procurement of the title to the vehicle were unnecessary. Zimmerman does not assert the trial court's conclusion was in error or any error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1 (reversible error in civil cases). Having reviewed the record, we conclude the trial court did not err. Additionally, Zimmerman did not argue in the trial court that his civil rights were violated; therefore, we do not consider that argument on appeal. *See* TEX. R. APP. P. 33.1(a). We overrule Zimmerman's fourth issue.

We affirm the trial court's judgment.


171250F.P05


/Erin A. Nowell/

ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FIVE HUNDRED TWENTY TWO
DOLLARS IN UNITED STATE
CURRENCY; ONE FIREARM; SCOPE;
TWO CELL PHONES; AND SILVER
MERCEDES ML 320 VIN
#4JGAB54E77A260775, Appellant

No. 05-17-01250-CV          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. CV-16-1161.
Opinion delivered by Justice Nowell.
Justices Schenck and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 22nd day of January 2019.