

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00186-CV

———————————————

EASTERN CASTLE INTERNATIONAL, LLC, CHUN BUN CHAN, AND FAN WU, Appellants

V.

RPI RIDGMAR TOWN SQUARE, LTD., Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-332986-22

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Eastern Castle International, LLC leased retail space from RPI Ridgmar Town Square, Ltd., and Appellants Chun Bun Chan and Fan Wu signed the lease as Eastern Castle's guarantors. Under the lease, failure to pay rent within ten days of a written past-due notice was an event of default allowing RPI to recover damages for unpaid rent and attorney's fees.

After giving notice of default, RPI sued Eastern Castle for breach of the lease, sued Chan and Wu for breach of their guaranty, and sought attorney's fees under the lease "and/or Section 38.001" of the Civil Practice and Remedies Code. RPI moved for summary judgment and attached to its motion the affidavit of its president, Jeffrey L. Olyan; the lease; the lease renewal agreement; its ledger showing amounts due and owing by Eastern Castle; its counsel's unsworn declaration in support of attorney's fees; and its demand letter.

Appellants objected to RPI's summary-judgment evidence, complaining that most of it was "inadmissible hearsay" presented by interested witnesses who had failed to show personal knowledge and that the documents were insufficiently authenticated. They complained that Olyan made a conclusory legal statement in Paragraph 7 of his affidavit and objected to RPI's counsel's unsworn declaration on

attorney's fees based on reasonableness and what they characterized as an internal contradiction.[1]

The trial court granted RPI's summary-judgment motion and then entered a final judgment awarding RPI $210,710.90 in actual damages and $24,367.50 in attorney's fees.

In their first of two issues, Appellants complain that the attorney's-fee award was erroneous because "prevailing case law . . . holds limited liability companies [(LLCs)] . . . cannot be held liable for attorney['s] fees" under Section 38.001. They further complain that Chan and Wu cannot be individually liable for attorney's fees under the guaranty if Eastern Castle, as an LLC, cannot be liable for attorney's fees.

Appellants ignore that Section 38.001 was amended to include LLCs and that the amendment applies to an attorney's-fee award in an action commenced on or after September 1, 2021. *See* Act of May 28, 2021, 87th Leg., R.S., ch. 665, §§ 1–3, 2021 Tex. Gen. Laws 1391, 1391 (codified at Tex. Civ. Prac. & Rem. Code Ann. § 38.001) (defining an "organization" against whom reasonable attorney's fees may be recovered as having "the meaning assigned by Section 1.002, Business Organizations Code"); Tex. Bus. Orgs. Code Ann. § 1.002(62) (defining "organization" to include an

---

[1]Appellants do not challenge the fees' reasonableness on appeal. We address their internal-contradiction challenge below.

LLC). RPI sued Appellants on April 11, 2022, allowing it to recover attorney's fees from Eastern Castle under Section 38.001. We overrule Appellants' first issue.[2]

In their second issue, Appellants argue that the trial court erred by not sustaining their form objections to RPI's summary-judgment evidence or their substantive objection to Paragraph 7 of Olyan's affidavit[3] and complain that RPI's attorney's-fees evidence raises a fact issue.

The record does not reflect that Appellants secured an express ruling from the trial court on any of the objections at, before, or very near the time that the trial court entered its summary-judgment ruling. *Cf.* Tex. R. App. P. 33.1; *FieldTurf USA, Inc. v. Pleasant Grove ISD*, 642 S.W.3d 829, 837 (Tex. 2022) (stating that preservation rules apply to summary-judgment evidence); *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (requiring express ruling on form objections to summary-judgment evidence); *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 583 (Tex. 2017) (stating that objected-to evidence remains valid summary-judgment proof unless an order

---

[2]Based on our resolution of Appellants' first issue, we need not consider the lease as an alternative basis for the award. *See* Tex. R. App. P. 47.1.

[3]"A defect is substantive if the summary[-]judgment proof is incompetent; it is formal if the summary[-]judgment proof is competent, but inadmissible." *Tri-Steel Structures, Inc. v. Baptist Found. of Tex.*, 166 S.W.3d 443, 448 (Tex. App.—Fort Worth 2005, pet. denied). Form defects include lack of personal knowledge or hearsay, *Hobson v. Francis*, No. 02-18-00180-CV, 2019 WL 2635562, at *5 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op.) (citing Tex. R. App. P. 166a(f)), and lack of proper authentication, *Aerobic Maint. & Serv., Inc. v. First United Bank & Tr. Co.*, No. 2-08-232-CV, 2009 WL 1425179, at *5 n.7 (Tex. App.—Fort Worth May 21, 2009, no pet.) (mem. op.).

sustaining the objection is reduced to writing, signed, and entered of record).[4] Because a form defect must be objected to and ruled on by the trial court for error to be preserved, *Seim*, 551 S.W.3d at 166, Appellants have failed to preserve their form-based evidentiary objections, and we overrule this portion of their second issue.

Further, in the trial court, Appellants complained that in Paragraph 7, Olyan stated, "Landlord has fully performed of all obligations and conditions of the Lease." But the record reflects that Appellants' objection ignored Olyan's full statement, which is, "Landlord fully performed its obligations under the Lease and Guaranty *by timely delivering possession of the Premises to Defendants at the start of the Lease and by complying with all of its other obligations under the Lease and Guaranty.*" [Emphasis added.] That is, the statement, as set out in full, explains how RPI performed its obligations and referenced the lease and guaranty that were also attached as summary-judgment evidence, thus stating more than a mere legal conclusion. *See Truitt v. Hatfield*, No. 02-21-00004-CV, 2021 WL 5742083, at *6 (Tex. App.—Fort Worth Dec. 2, 2021, no pet.) (mem. op.) ("A conclusory statement is one that does not provide the underlying

_____

[4]The exception to the written requirement is for the trial court to make an on-the-record, unequivocal, oral ruling on a summary-judgment objection, *FieldTurf USA, Inc.*, 642 S.W.3d at 838–39, which did not occur here. And although Appellants raised the same evidentiary objections in a new-trial motion filed 27 days after the trial court granted RPI's summary-judgment motion and entered a final judgment, at this point in the proceedings, it was too late. *See Seim*, 551 S.W.3d at 165 (quoting with approval *Dolcefino v. Randolph*, 19 S.W.3d 906, 926 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (op. on reh'g), in which the court stated, "[I]t is incumbent upon the party asserting objections to obtain a written ruling at, before, or very near the time the trial court rules on the motion for summary judgment or risk waiver.").

facts to support the conclusion and is not readily controvertible.")[5] We overrule this portion of Appellants' second issue.

Finally, Appellants complained in the trial court and now on appeal in their second issue's discussion section that the last sentence of RPI's counsel's declaration recites the wrong tenant and guarantor. Although Appellants claim that this raises a fact issue, they do not explain how it does so, beyond noting that the tenant and guarantor named in the last sentence "are not defendants in the instant case." *See* Tex. R. App. P. 38.1(i) (requiring an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record).

The declaration itself sets out Appellants' names in the caption, along with this case's trial-court cause number, and RPI states in its appellee's brief that the last sentence represents an "obvious scrivener's error." The error did not appear to confuse the trial court, which awarded the full amount of requested fees in its final judgment. *Compare Hernandez v. Lukefahr*, 879 S.W.2d 137, 143 (Tex. App.—Houston [14th Dist.] 1994, no writ) (stating that "[a] mere typographical error, when viewed in the context of the entire affidavit, is not an inconsistency if it causes no confusion," and holding, in a medical-malpractice case, that the single mention of another

---

[5]Chan and Wu asserted in their unsworn declarations that the COVID-19 pandemic had made it impossible to pay rent but did not controvert Olyan's assertions of RPI's performance under the lease.

patient's name did not create a fact issue when there remained no question that the affiant otherwise referred to the correct patient), *with FFP Mktg. Co. v. Long Lane Master Tr. IV*, 169 S.W.3d 402, 410 (Tex. App.—Fort Worth 2005, no pet.) (illustrating the type of inconsistency sufficient to raise a fact issue: an affidavit asserted beneficial ownership while the attached summary-judgment evidence showed legal ownership). We overrule the remainder of Appellants' second issue.

Having overruled both of Appellants' issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: January 11, 2024