**Affirmed in Part and Reversed and Remanded in Part and Memorandum Opinion filed March 7, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00509-CV

---

## MICHAEL EWERS, INDIVIDUALLY AND IN HIS CAPACITY AS THEN BOARD PRESIDENT OF GREEN SPRING VALLEY HOMEOWNERS ASSOCIATION, INC., AND GREEN SPRING VALLEY HOMEOWNERS ASSOCIATION, INC., Appellants

### V.

### KERRI M. KERN, Appellee

**On Appeal from the 131st District Court
Bexar County, Texas
Trial Court Cause No. 2022-CI-12288**

## MEMORANDUM OPINION

This interlocutory appeal under the Texas Citizens Participation Act (TCPA) arises from a defamation suit filed by a homeowner against the homeowners' association (HOA) and a board member of the HOA. *See* Tex. Civ. Prac. & Rem. Code § 27.001, et seq. Appellee, Kerri Kern sued appellants Michael Ewers and the

Green Spring Valley Homeowners Association, Inc. for defamation and defamation per se. The underlying dispute centers on allegedly defamatory statements made by Ewers about Kern's behavior at the neighborhood pool. Ewers and the HOA filed a motion to dismiss under the TCPA, on which the trial court held a hearing, but did not rule. The motion, therefore, was denied by operation of law. *See* Tex. Civ. Prac. & Rem Code § 27.005(a), § 27.008(a) (If a trial court does not rule on a motion to dismiss under section 27.003 by the thirtieth day following the date the hearing on the motion concludes, the motion is considered to have been denied by operation of law, and the moving party may pursue an interlocutory appeal). Concluding that Kern did not establish a prima facie case for every element of her direct claims against appellee Green Spring Valley Homeowners Association, we reverse the denial of the HOA's motion to dismiss. Further concluding that Kern established a prima facie case for every element of her claims against Ewers, we affirm the trial court's denial of Ewers' motion to dismiss.

## BACKGROUND

In this TCPA appeal, the factual background rests on the plaintiff's allegations and evidence.[1] In June 2021, residents of the Green Spring Valley Subdivision (the Subdivision) complained to the HOA board about "unruly and rowdy teenagers using the pool." A few weeks later Kern, a resident of the Subdivision, contacted Lawrence "Cleve" Wilson, the board member who served as the pool director, and offered to act as a temporary volunteer pool monitor. According to Kern's petition, while Kern was acting as pool monitor on July 1, 2021, Wilson expressed disgust with the "positive, amicable approach" that Kern used to "deescalate the rambunctious atmosphere at the pool." Kern further asserted that Wilson became

---

[1] *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (TCPA actions are based on plaintiff's allegations, not defendants' admissions or denials).

angry when Kern refused to "confront those persons using the pool that he identified and referred to as racially unacceptable." Wilson summoned the police to address Kern's allegations. The police filed a report, but left without asserting charges against Kern.

Ewers and the HOA's version of the events at the pool differed substantially from the allegations in Kern's complaint. At the time of the events at the pool, Ewers was the HOA board president. Ewers and the HOA attached affidavits to their TCPA motion in which Wilson, the pool director, averred that he instructed Kern to observe people coming into the pool area to see if she recognized them as residents and whether they used a key card to access the gate to the pool area. Wilson stated that rather than observe pool patrons, Kern befriended a group of teenage girls at the pool who accused the pool maintenance person and Wilson of "being too strict" about pool rules. Kern conveyed the girls' complaints to Wilson who reiterated his instructions that Kern was to observe and take notes only. According to Wilson, during their conversation, Kern became increasingly upset and began "yelling and cursing" at him, accusing him of being a "misogynist, racist, and rude." Wilson then called Ewers and explained to Ewers what had occurred earlier with Kern. Wilson also averred that Kern returned to the pool after her altercation with Wilson and began taking pictures of the teenage girls. Ewers asked Kern not to take pictures of minors without permission as it was inappropriate. Kern responded, asking Ewers if he was accusing her of being a pedophile. Wilson then called law enforcement. Afterward, the HOA board met and decided to turn off Kern's key card access to the pool area.

Ewers also swore in an affidavit to the facts as described by Wilson. Ewers added that Kern not only took pictures of children at the pool, but took pictures of license plates in the parking lot. Ewers averred that his question and statement to

3

Kern "were made out of concern for the residents and public using the neighborhood pool." Ewers asserted he did not accuse Kern of a crime or sexual abuse; instead, he "tried to quell the disturbance Kern was creating . . . so that fellow residents would not be detrimentally impacted."

Believing that Ewers published his statements to other board members and unnamed residents of the Subdivision, Kern filed a petition alleging defamation and defamation per se against Ewers. Asserting that the HOA published similar statements to unnamed residents of the Subdivision, Kern also alleged defamation and defamation per se against the HOA. Kern alleged as damages the injury to her "character and reputation, mental anguish, loss of past and future income and loss of earning capacity" in addition to the "loss of the peaceful enjoyment of her home located within the . . . Subdivision; including but not limited to, the deactivation of her key card without due process."

In response to Kern's claims, Ewers and the HOA filed a motion to dismiss under the TCPA. Ewers and the HOA alleged in their joint motion that Kern's suit arose from their exercise of the rights to speak freely, associate, and petition. Ewers and the HOA alleged that their statements "involved matters of public concern and are thus protected by their right to free speech and to associate."

Ewers and the HOA asserted that when members of the board communicated with each other about Kern's behavior they did so "about matters of concern to the neighborhood—particularly, ensuring that members of the community adhere to pool rules and behave at the pool appropriately." Ewers also asserted that, in making statements to Kern in the presence of other residents, he was exercising his right to free speech on a matter of public concern.

Kern responded to the motion to dismiss and asserted she had a prima facie case of defamation and defamation per se. As evidence in support of a prima facie

4

case Kern attached her original complaint, her affidavit, the police report from the pool incident, and an affidavit from another neighbor, Janice Flores.

After a non-evidentiary hearing, the trial court did not rule on the TCPA motion, allowing it to be denied by operation of law. Ewers and the HOA perfected this interlocutory appeal.

## ANALYSIS[2]

In two issues Ewers and the HOA allege the trial court erred in denying their motion to dismiss because they (1) established that the TCPA applies to their claims; and (2) Kern failed to present clear and specific evidence to support her defamation and defamation per se claims.

## I.    Standard of Review and Applicable Law

The TCPA protects citizens from retaliatory lawsuits that seek to silence or intimidate them on matters of public concern. The purpose of the statute is to identify and summarily dispose of lawsuits that are intended only to chill First Amendment rights, not to dismiss meritorious actions. *USA Lending Group, Inc. v. Winstead PC*, 669 S.W.3d 195, 198 (Tex. 2023).

The TCPA contemplates an expedited dismissal procedure applicable to claims brought to intimidate or silence a defendant's exercise of the rights enumerated in the Act. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019). The party invoking the TCPA may file a motion to

---

[2] The Texas Supreme Court ordered the Fourth Court of Appeals to transfer this case to our court. *See* Tex. Gov't Code § 73.001. Under the Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3. We are unaware of any conflict between the Fourth Court of Appeals precedent and that of this court on any relevant issue.

dismiss the "legal action" and must show by a preponderance of the evidence that the action is "based on or is in response to" that party's exercise of the right of free speech, right to petition, or right of association. Tex. Civ. Prac. & Rem. Code §§ 27.003(a), 27.005(b). If the movant satisfies this burden, the trial court must dismiss the lawsuit unless the nonmovant "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c).

Our review of a TCPA ruling generally involves three steps. First, at step one, the TCPA movant has the burden to demonstrate the nonmovant's legal action is "based on or is in response to" the moving party's exercise of the right of association, right of free speech, or the right to petition. *See* Tex. Civ. Prac. & Rem. Code §§ 27.003(a), 27.005(b); *Creative Oil*, 591 S.W.3d at 132 (citing prior version of section 27.005(b)).

Second, if the movant meets its step-one burden, the analysis proceeds to step two, where the burden of proof shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c); *Creative Oil*, 591 S.W.3d at 132.

Third, and finally, if the nonmovant meets its step-two burden, the analysis proceeds to step three, where the burden of proof shifts back to the movant to establish an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law, resulting in dismissal if the movant does so. *See* Tex. Civ. Prac. & Rem. Code § 27. 005(d); *Creative Oil*, 591 S.W.3d at 132 (citing prior version of section 27.005(d)).

We construe the TCPA liberally to effectuate its purpose and intent fully. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *Segundo Navarro Drilling, Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, 612

6

S.W.3d 489, 492 (Tex. App.—San Antonio 2020, pet. denied); Tex. Civ. Prac. & Rem. Code § 27.011(b). A court's determination of whether claims fall within the TCPA's framework is subject to a de novo standard of review. *See Adams*, 547 S.W.3d at 894. Under that standard, we "make an independent determination and apply the same standard used by the trial court in the first instance." *Enter. Crude GP LLC v. Sealy Partners*, *LLC*, 614 S.W.3d 283, 294 (Tex. App.—Houston [14th Dist.] 2020, no pet.). We must consider the relevant pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and any supporting or opposing affidavits "stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). We review these materials in the light most favorable to the nonmovant. *Youngblood v. Zaccaria*, 608 S.W.3d 134, 137 (Tex. App.—San Antonio 2020, pet. denied).

## II.    Application of the TCPA—Exercise of Free Speech

For Ewers and the HOA to successfully obtain dismissal of Kern's claims, they had to establish by a preponderance of the evidence that Kern's "legal action is based on or is in response to [Ewers and the HOA's] exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code § 27.003(a). Ewers and the HOA first contend that the TCPA applies to Kern's claims because the claims are based on or in response to their exercise of the right of free speech. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b)(1)(A).

In the context of the TCPA, an "'[e]xercise of the right of free speech' means a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3). "Communication," as used in the statute, "includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. Civ. Prac. & Rem. Code § 27.001(1). And, as relevant to Ewers and the HOA's arguments in this

7

appeal, a "[m]atter of public concern" includes "a statement . . . regarding . . . a matter of political, social, or other interest to the community." Tex. Civ. Prac. & Rem. Code § 27.001(7)(B). To be a matter of public concern, a claim must have public relevance beyond the interests of the parties. *Creative Oil & Gas*, 591 S.W.3d at 136. That is, the communication must refer "to matters 'of political, social, or other concern to the community,' as opposed to purely private matters." *Id*. at 135 (quoting *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017)).

"[T]o determine whether a lawsuit relates to the exercise of free speech, we must look to the context of the entire communication in which the allegedly defamatory statement is made." *Harwood v. Gilroy*, No. 04-16-00652-CV, 2017 WL 2791321, at *3 (Tex. App.—San Antonio June 28, 2017, no pet.) (mem. op.). Turning first to Kern's allegations in her original complaint, she alleged that Ewers made statements to other residents at the pool concerning Kern and her actions. Kern quoted Ewers as stating to her:

- "You have been taking inappropriate pictures of children."
- "You like little kids, don't you. Yeah, you like that, don't you."

Kern alleged that the other residents who heard Ewers' statements reasonably understood those statements to mean:

- Kern took inappropriate photographs of children at the pool;
- Intimating that Kern was/is in possession of child pornography in violation of Texas Penal Code § 43.26; and,
- Accusing Kern of committing child sexual abuse and/or other sexual offenses against a child as governed by Chapter 21 of the Texas Penal Code.

Kern alleged Ewers in his capacity as the HOA board president made the statements and published the statements or a similar version to the HOA board members and its management company "using social media email(s)." Essentially,

Kern alleged Ewers accused her of malfeasance and criminal behavior while volunteering as a pool manager. In this regard, Ewers and the HOA have shown by a preponderance of the evidence that Kern's suit is in response to their exercise of free speech. *See Adams*, 547 S.W.3d at 896 (recognizing that in the context of a small residential community, "any allegation of malfeasance and criminality by the developer and the HOA likely concerns the well-being of the community as a whole," and can be considered a matter of public concern under the TCPA). Where, as here, the communications are based on or in response to a matter of "community well-being," the TCPA standard is satisfied, even if private matters are also at stake. *See* Tex. Civ. Prac. & Rem. Code § 27.001(3); *Straehla v. AL Glob. Services, LLC*, 619 S.W.3d 795, 803 (Tex. App.—San Antonio 2020, pet. denied). We therefore hold the TCPA applies to Kern's legal action. We sustain Ewers and the HOA's first issue to the extent they assert the TCPA applies to Kern's claims.

The burden then shifted to Kern to establish a prima facie case for each essential element of her claims of defamation and defamation per se against Ewers and the HOA.

## III.  Prima Facie Case

In their second issue Ewers and the HOA assert that Kern cannot carry her burden to justify her claims by establishing through clear and specific evidence a prima facie case for each essential element of her claims of defamation and defamation per se.

A plaintiff survives a motion to dismiss under the TCPA if she "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c). Prima facie means "at first sight," and under the TCPA, is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *USA Lending*, 669

S.W.3d at 199–200. Evidence is "clear and specific" if it provides enough detail to show the factual basis for the claim. *Id*.; *In re Lipsky*, 460 S.W.3d 579, 590–91 (Tex. 2015). Such evidence need not be conclusive, uncontroverted, or found credible. *Lipsky*, 460 S.W.3d at 590 (observing that a prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted").

In ruling on a motion to dismiss under the TCPA, the trial court must consider evidence that a party could proffer in connection with a summary judgment motion, as well as "supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a) ("In determining whether a legal action is subject to or should be dismissed under this chapter, the court shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based.").[3]

### A.  Defamation and Defamation Per Se

Defamation is a false and injurious impression of a plaintiff published without legal excuse. *See Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000). The elements that a defamation claimant must prove are (1) publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff,

---

[3] Both parties objected to the affidavits submitted by their opponents in the trial court. The trial court, however, did not rule on the parties' evidentiary objections. The 2019 TCPA amendments provide that we shall consider the pleadings and evidence that we could consider under Texas Rule of Civil Procedure 166a (summary judgment rule) and supporting and opposing affidavits. *See* Tex. Civ. Prac. & Rem. Code § 27.006. In general, for purposes of issue preservation for appeal, a trial court's ruling on an objection to summary-judgment evidence is not implicit in its ruling on the motion for summary judgment. *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 165–66 (Tex. 2018). In this case, we will apply the general rule applicable to summary-judgment evidence and conclude that because the parties failed to obtain a ruling on their objections and failed to object to the trial court's refusal to rule, the parties' evidentiary objections are not preserved for appeal. *Id*. at 166.

(3) with the requisite degree of fault, and (4) that proximately caused damages, in some cases. *See Anderson v. Durant*, 550 S.W.3d 605, 617–18 (Tex. 2018). To resist a TCPA motion to dismiss a defamation claim, the pleadings and evidence must establish "the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff." *Lipsky*, 460 S.W.3d at 591.

The status of the person allegedly defamed determines the requisite degree of fault. A private individual need only prove negligence, whereas a public figure or official must prove actual malice. *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). The plaintiff must plead and prove damages, unless the defamatory statements are defamatory per se. *Lipsky*, 460 S.W.3d at 593.

### 1. Publication

"'Publication' occurs if the defamatory statements are communicated orally, in writing, or in print to some third person who is 'capable of understanding their defamatory import and in such a way that the third person did so understand.'" *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017) (quoting *Austin v. Inet Techs., Inc.*, 118 S.W.3d 491, 496 (Tex. App.—Dallas 2003, no pet.)). To resist a TCPA motion to dismiss on the publication element, the plaintiff must establish "the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff." *Lipsky*, 460 S.W.3d at 591.

In this case, in Kern's affidavit she alleged Ewers made statements in the hearing of others seated near him in the pool area. Kern further asserted that Ewers published these statements electronically to other HOA board members and to residents of the Subdivision. As prima facie evidence Kern attached to her response to the motion to dismiss: (1) the original complainant; (2) Kern's affidavit; (3) the police report; and (4) an affidavit from another neighbor, Janice Flores.

11

In Flores' affidavit, she stated her daughter and niece were two of the teenage girls at the pool with whom Kern had been talking. Flores arrived at the pool to pick up the two girls and tried to determine what had occurred. Flores spoke with Ewers who told her that Kern had been taking inappropriate pictures of the girls and had invited the girls to her home. Flores averred that Ewers called Kern "a pervert." Flores further averred that Kern told her she had not been taking pictures of anyone.[4]

We conclude Kern and Flores' affidavits sufficiently establish the facts of when, where, and what was said to show that Ewers "published" a statement to others at the pool that Kern was taking pictures of minors and was a "pervert." *See Lipsky*, 460 S.W.3d at 591. Kern sued Ewers individually and in his capacity as HOA board president. To the extent Kern alleged the HOA is vicariously liable under the doctrine of respondeat superior, we need not analyze separately the trial court's refusal to dismiss Kern's defamation claims premised on Ewers' oral statements. The doctrine of respondeat superior is not an independent tort. It is instead recognition that "liability for one person's fault may be imputed to another who is himself entirely without fault solely because of the relationship between them." *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 540 (Tex. 2002). Thus, it is connected to the underlying tort and survives or fails alongside it. *Walgreens v. McKenzie*, 676 S.W.3d 170, 180–81 (Tex. App.—Houston [14th Dist.] 2023, pet. filed). Therefore, the doctrine of respondeat superior is not a separate "legal action" and is not addressed separately from the underlying claim for defamation in a TCPA motion to dismiss. *See Jones v. Pozner*, No. 03-18-00603-CV, 2019 WL 5700903, at *1 (Tex. App.—Austin Nov. 5, 2019, pet. denied) (mem. op.) (citing Tex. Civ. Prac. & Rem.

---

[4] Flores, in her affidavit, referred to Kern as "the lady in the blue polka dot swimsuit" and Ewers as the "man with the mustache." Kern clarified in her affidavit that she was the lady in the swimsuit and Ewers was the man with the mustache.

Code § 27.001(6)).

We conclude, however, that Kern failed to establish that the HOA published any statements about her activity or statements at the pool. Kern alleged in her complaint that Ewers in his capacity as board president sent "social media email(s)" defaming Kern to other members of the board and other residents. Kern further alleged that the HOA "published the statements or a similar version thereof to the board members of Defendant, GSV HOA, and its management." Other than the allegations in her complaint, Kern presented no evidence that the HOA, apart from Ewers' statements, published any statements about her. "Once the court is satisfied that the Act applies, and the burden shifts to the non-movant, the TCPA requires something beyond allegations in the pleading 'to support a rational inference that an allegation is true.'" *Gensetix, Inc. v. Baylor Coll. of Med.*, 616 S.W.3d 630, 644 (Tex. App.—Houston [14th Dist.] 2020, pet. dism'd) (quoting *Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 29 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Allegations alone are not sufficient. *Buzbee*, 616 S.W.3d at 29. Kern attached to her response her complaint, the police report, and her and Flores' affidavits. Other than Kern's original complaint, which we cannot consider as evidence at this stage, there is no evidence that the HOA published any statements about Kern. Neither Kern's nor Flores' affidavits address publications by the HOA; they focus strictly on Ewers' alleged statements at the pool. We therefore conclude Kern has not established a prima facie case of defamation or defamation per se against the HOA outside of her allegations of vicarious liability for Ewers' statements.

## 2. Falsity

Kern was additionally required to provide clear and specific evidence that Ewers' statements were false. *D Magazine Partners, LP v. Rosenthal*, 529 S.W.3d

429, 441 (Tex. 2017). Ewers challenged the veracity of Kern's and Flores' affidavits in his reply to Kern's response. As detailed above, Ewers denied accusing Kern of pedophilia or making defamatory remarks about her to others.

At the heart of Kern's allegations and Ewers' motion to dismiss is a "she said/he said" dispute, in which one party claims events have occurred and statements made, and the other denies the allegations and claims that different events occurred. At this stage of the proceedings, we, as an appellate court, are not in a position to determine what actually happened or was actually said. Kern and Flores' affidavits and attached evidence denying Ewers' allegations satisfy Kern's burden with respect to the falsity element at this preliminary stage. *See Williams v. Ramey*, No. 14-21-00158-CV, 2022 WL 2517118, at *6 (Tex. App.—Houston [14th Dist.] July 7, 2022, pet. dism'd) (mem. op.) (noting the difficulties present in analyzing the sufficiency of prima facie proof in a "she said/he said" TCPA motion to dismiss); *Rodriguez v. Gonzales*, 566 S.W.3d 844, 854 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (plaintiff's affidavit denying co-defendant's allegations suffices as evidence of falsity in context of TCPA motion to dismiss).

### 3.    Fault

As to the third element, whether the publication was made with the requisite degree of fault, Kern's status determines the degree of fault to be applied in this case. *See Lipsky*, 460 S.W.3d at 593. Because Kern is a private individual, rather than a public figure or official, Kern need only prove that Ewers acted with negligence. *See WFAA–TV*, 978 S.W.2d at 571 (explaining that a private plaintiff must prove only that the defendant "was at least negligent," whereas a public official or public figure must establish actual malice, which is a higher degree of fault than negligence).

In this highly contested factual dispute, we conclude that Kern presented prima facie evidence that if Ewers made a false statement, he knew it was false. "In

14

the defamation context, negligence is defined as the failure to investigate the truth or falsity of a statement before publication, and the failure to act as a reasonably prudent person." *Terrell v. Mazaheri*, 676 S.W.3d 116, 129 (Tex. App.—San Antonio 2023, no pet.) (quoting *Day v. Fed'n of State Med. Bds. of U.S., Inc.*, 579 S.W.3d 810, 822 (Tex. App.—San Antonio 2019, pet. denied)). In other words, the plaintiff must establish that the defendant knew or should have known that the defamatory statement was false. *Id.* Therefore, Kern was required to establish, by clear and specific evidence, that Ewers knew or should have known that his statements about Kern were false. *See id.*

According to Kern, Ewers accused her of being a pedophile and a pervert. According to Ewers, Kern cursed at him, threatened to sue him, and took pictures of minors at the pool. Reviewing the evidence attached to the motion and response in the light most favorable to Kern, as we must, we conclude that, at this preliminary stage, any evidence that showed Ewers' assertion was false would also logically show that Ewers knew the assertion was false. *See Van Der Linden v. Khan*, 535 S.W.3d 179, 201 (Tex. App.—Fort Worth 2017, pet. denied) (noting that when a conversation is limited to two parties, only those two parties know which statement is true).

### 4.    Damages

Kern asserts that she need not present prima facie evidence of damages to survive a TCPA motion to dismiss because she presented prima facie evidence of defamation per se. Defamation per se refers to statements that are so obviously harmful that general damages may be presumed. *Lipsky*, 460 S.W.3d at 593. "Accusing someone of a crime, of having a foul or loathsome disease, or of engaging in serious sexual misconduct are examples of defamation per se." *Id.* at 596. Whether a statement qualifies as defamation per se is generally a legal question. *Id.*

Kern's original complaint states that Ewers accused her of committing sexual offenses against a child. Flores asserted in her affidavit that Ewers accused Kern of taking pictures of minors and called her a pervert. Because Kern alleged that Ewers accused her of a crime, his statements, if false, amount to defamation per se. *See Williams*, 2022 WL 2517118, at *6 (holding that accusation of a crime, if false, is defamation per se). Thus, Kern did not have to present prima facie evidence of damages to defeat Ewers' TCPA motion. *See Terrell*, 676 S.W.3d at 131.

At this preliminary stage of proceedings, Kern provided "the minimum quantum of evidence necessary" to survive a TCPA dismissal of her defamation and defamation per se claims against Ewers. *See Lipsky*, 460 S.W.3d at 591.

## IV.  Affirmative Defense

Even if a nonmovant establishes a prima facie case under the TCPA, "the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of evidence each essential element of a valid defense to the nonmovant's claim." Tex. Civ. Prac. & Rem. Code § 27.005(d). Although Ewers and the HOA alleged noncompliance with the Texas Defamation Mitigation Act (DMA)[5] as an affirmative defense, neither party alleged this defense in their TCPA motion. Ewers and the HOA urged no other defense in their motion that would entitle them to judgment as a matter of law. We therefore need not address the third step in the TCPA analysis, i.e., whether the movant established an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law. *See also Hogan v. Zoanni*, 627 S.W.3d 163, 176 (Tex. 2021) (holding that the plain language of the DMA does not support a right to dismissal).

Because Kern failed to provide proof that the HOA published statements

---

[5] Tex. Civ. Prac. & Rem. Code §73.051 et seq.

16

about her, Kern failed to provide prima facie evidence of a defamation or defamation per se claim against the HOA. The trial court therefore erred in allowing the TCPA motion filed by the HOA to be denied by operation of law. The trial court, however, did not err in allowing Ewers' motion to be denied by operation of law. We sustain that portion of appellants' second issue that asserts that Kern failed to present clear and specific evidence of her claims against the HOA. We overrule that portion of appellants' second issue challenging Kern's prima facie case against Ewers.

## CONCLUSION

We have determined that the trial court did not err in allowing Ewers' TCPA motion to dismiss to be denied by operation of law. We affirm the denial of Ewers' TCPA motion to dismiss and the HOA's motion to the extent Kern seeks to hold the HOA vicariously liable for Ewers' statements.

We further determine that the trial court erred in failing to grant the HOA's TCPA motion to dismiss regarding Kern's claims directed at the HOA directly outside of the doctrine of respondeat superior. We reverse the trial court's denial of the HOA's motion to dismiss, and remand to the trial court to determine appropriate costs and attorney's fees under the TCPA. On remand, the trial court is instructed to render an order granting the HOA's TCPA motion to dismiss the direct claim of defamation against the HOA and awarding the HOA the court costs and reasonable attorney's fees it incurred in defending against Kern's claims. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(1); *KB Home Lone Star Inc. v. Gordon*, 629 S.W.3d 649, 660 (Tex. App.—San Antonio 2021, no pet.) (reversing trial court denial of TCPA motion with instructions to the trial court to grant the motion and award costs and attorney's fees).

/s/    Jerry Zimmerer
Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.