

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | |
|---|---|---|
| WILMA MARIE WILSON, | § | No. 08-23-00221-CV |
| Appellant, | § | Appeal from the |
| v. | § | 120th Judicial District Court |
| AUDREY JO BIFFLE, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2021DCV3005) |

## <u>CONCURRING OPINION</u>

I concur in the Court's judgment. I write only to add these comments. There is a subtext to this case not apparent from the Court's opinion. The record is rife with indicia supporting Biffle's thesis that this case got off the rails because Wilson would not timely respond to basic discovery. Fourteen months after suit was filed, Biffle filed a motion to compel because Wilson, her mother, would not respond to basic discovery for a personal injury car crash case. Two months later Biffle moved for a trial continuance because Wilson had not responded to discovery. After more than a year and a half from the filing of suit, Biffle filed a no evidence motion for summary judgment challenging each element of Wilson's claim, including the several elements of damage. At the same time, Biffle made all the appropriate filings in preparation for an April 2023 trial setting. Wilson then moved to continue that trial setting, citing the need for more time to conduct discovery.

The trial court continued the case until July 2023, but on the day of trial, granted Biffle's motion for summary judgment.[1] Courts are under increasing pressure to move their dockets to provide prompt, but fair justice. I can sympathize with this trial court's exasperation at setting and resetting deadlines (here five times) only to find that one party had not timely gathered the evidence necessary to make their complete case to a jury. Nonetheless, this case comes to us as an appeal from a summary judgment, and we are tied to reviewing the case under that standard.

We remand the case on some elements of damage. I can agree that more than a scintilla of evidence for pain and suffering from some of the injuries sustained in the crash was raised below. To be clear, this is the entirety of Wilson's declaration in response to the no evidence motion for summary judgment as it pertains to the nature of her injuries:

> The automobile accident resulted in a collision of great force and violence causing me to suffer personal injuries and mental anguish which required medical care. I suffered bruises on my face, around my eye, and hand, and my whole right side was bruised. I had a cut on my hand. I had four pulmonary embolisms and an injured knee. These injuries caused a great deal of mental distress and anguish as I was worried about recovering from my injuries. I have been billed and incurred medical expenses for the medical care I received immediately following the accident.

The cuts, scrapes, and bruising—temporally experienced—are within the common knowledge of any juror and do not require expert testimony to causally tie them to the accident. I would disagree that pulmonary embolisms, or an unexplained knee injury fall into the same category. With these comments, I concur in the judgment.

JEFF ALLEY, Chief Justice

April 4, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[1] The trial court did not rule on Biffle's several objections to Wilson's evidence, which precludes us from discounting that evidence. *See Seim v. Allstate Texas Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (resolving split in courts of appeals and holding that absent showing of an implicit ruling on objections to summary judgment evidence, party cannot complain on appeal about consideration of that evidence).